J-S21004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS NESTOR MARTINEZ | : | |
| | : | |
| Appellant | : | No. 295 EDA 2021 |

Appeal from the PCRA Order Entered December 15, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003442-2010

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED JULY 28, 2021**

Luis Nestor Martinez appeals *pro se* from the December 15, 2020 order that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court in a prior appeal summarized the history of this case as follows:

> In June 2011, [Appellant] pled guilty to a multitude of offenses (including robbery, kidnapping and aggravated assault), stemming from a home invasion wherein [Appellant] and his co-conspirator robbed, bound, and tortured the victims.  This Court affirmed [Appellant]'s judgment of sentence.  ***See Commonwealth v. Martinez***, 60 A.3d 562 (Pa.Super. 2012)

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated December 14, 2020, but it was not mailed to Appellant until December 15, 2020.  We have amended the caption accordingly.  ***See*** Pa.R.A.P. 108(a)(1).

(unpublished memorandum). [Appellant] did not seek allowance of appeal.

[Appellant] filed his first PCRA petition in July 2013, which the PCRA court later denied. This Court affirmed, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See Commonwealth v. Martinez***, 120 A.3d 1056 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1283 (Pa. 2015).

On February 23, 2017, [Appellant] filed [another] *pro se* PCRA petition, his second. The PCRA court later issued a thorough [Pa.R.Crim.P.] 907 notice of intent to dismiss the petition without an evidentiary hearing (hereinafter "Rule 907 notice"), stating that the court lacked jurisdiction to address the Petition because it was untimely filed. [This Court affirmed.]

***Commonwealth v. Martinez***, 185 A.3d 1152 (Pa.Super. 2018) (unpublished memorandum at 1-2) (unnecessary capitalization omitted).

Appellant's third PCRA petition, at issue in the instant appeal, was docketed on October 26, 2020. Appellant utilized a pre-printed form for the filing in which he indicated his eligibility and invoked all exceptions to the PCRA's one-year time limitation by checking all available boxes. ***See*** PCRA Petition, 10/26/20, at 2-3. Appellant additionally supplied an attachment asserting nine claims for PCRA relief. ***Id***. at 8A-8F.

On November 16, 2020, the PCRA court issued a Rule 907 notice expressing its intent to dismiss Appellant's petition as untimely. Appellant filed a timely response, but the PCRA court nonetheless dismissed the petition. Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant states the following questions for our consideration:

A.      Whether trial counsel who was bias[ed]/prejudice[d] toward Appellant by failing to inform the trial court [that] a conflict of interest existed between the Appellant and trial counsel's relative?

B.      Whether all presentence proceedings bore "fruit from the poisonous tree"?

C.      Whether the Appellant's sentence is illegal?

D.      Whether there was a miscarriage of justice by the assistant district attorney and trial counsel?

E.      Whether there was a violation of [***Brady v. Maryland***, 373 U.S. 83 (1963)]?

F.      Whether Appellant's sentence was excessive?

G.      Whether Appellant was prejudiced due to a conflict of interest between Appellant and the victims?

Appellant's brief at 7 (unnecessary capitalization omitted).

We begin with a review of the applicable legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Before considering the substance of Appellant's PCRA claims, we must first determine whether Appellant's petition was timely, as "the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the

timeliness of Appellant's petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019). The governing statute provides as follows regarding the time for filing a PCRA petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final in 2012 after he declined to file a petition for allowance of appeal following this Court's affirmance of his judgment of sentence. Appellant filed the PCRA petition that is the subject of the instant appeal nearly eight years later. Thus, it was facially untimely. The

PCRA court offered the following explanation for its conclusion that Appellant failed to offer a basis to except him from the one-year timeliness requirement:

> In his third PCRA petition, [Appellant] complains about the following: not having counsel at his preliminary hearing; the manner in which his plea bargain was negotiated; the hearing on his first PCRA petition; his decision to plead guilty; the length of his sentence; the alleged failure of the Commonwealth to establish a prima facie case at the preliminary hearing; and an alleged family relationship between [Appellant]'s trial counsel and a teacher who allegedly disciplined [Appellant] when he was in high school. None of these issues involve[s] an enumerated exception to the PCRA's timeliness requirements. Moreover, [Appellant]'s arguments themselves illustrate that he was aware of these issues within one year of his sentence becoming final.

Rule 907 Notice, 11/16/20, at 5 (unnecessary capitalization omitted).

Appellant offers no basis to overturn the PCRA court's untimeliness adjudication. While he contends that a conflict of interest caused by a relationship between his trial counsel and a high school coach is a newly-discovered fact, Appellant relates that he discovered the familial relationship "prior to sentencing at an attorney/client visit at Northampton County Prison[.]" Appellant's brief at 10 (unnecessary capitalization omitted). To the extent that he relies upon a newly obtained document from his high school to support his allegations, Appellant plainly states that he did not contact the school to obtain it until August 2020. *Id*. Similarly, Appellant's ***Brady*** claim is based upon a police report concerning his co-defendant that he claims was unknown to him until October 2020, but he does not explain why he could not have discovered the information earlier with the exercise of due diligence, let

alone how any information in the report forms the basis of a claim for relief. *Id*. at 12.

Finally, to the extent that Appellant suggests that he is the victim of a miscarriage of justice and that he is serving an illegal sentence, neither of those contentions serve as a basis for the PCRA court or this Court to have jurisdiction over his untimely petition. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition."); *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa.Super. 2007) ("[T]he courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met.").

Accordingly, Appellant has failed to convince us that the PCRA court erred in concluding that his third PCRA petition was untimely filed, a finding supported by the record. Consequently, neither the PCRA court nor this Court has jurisdiction to rule on the merits of the claims raised therein. Therefore, we have no basis to disturb the PCRA court's order dismissing Appellant's petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _7/28/2021_